IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| K & M INTERNATIONAL, INC., | ) | |
| | ) | |
| PLAINTIFF | ) | CASE NO.: 1:13-CV-00771 |
| | ) | |
| v. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | MAGISTRATE JUDGE WHITE |
| NDY TOY, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS | ) | |

**DEFENDANTS' MOTION UNDER RULE 37(c)(1)**
**TO BAR PLAINTIFF'S EVIDENCE ON DAMAGES**

Now come defendants, through their undersigned counsel, and move this Court to bar plaintiff from advancing any evidence on the issue of damages in this matter.

As will be presented more fully in the supporting memorandum below, plaintiff failed to present a scintilla of evidence quantifying its alleged damages until well past the close of fact discovery.  Plaintiff failed to make the initial disclosures required by the Federal Rules, refused substantive responses to interrogatories regarding damages, failed to provide any responsive documents regarding damages, and failed to provide a Rule30(b)(6) witness prepared to testify regarding damages.  While claiming an inability to quantify damages without recourse to defendants' records, when plaintiff did quantify its purported damages through its expert's report, the only documents relied upon were those of plaintiff itself.  Those documents were used to purport that plaintiff suffered damages after it unilaterally terminated its relationship with

1

defendant Duoyi and determined to seek other suppliers who did not perform nearly as well as Duoyi. There is absolutely no reason that those documents could not have been presented as initial disclosures, in response to interrogatories, and in response to document requests, or supplements thereto, or through a 30(b)(6) witness.

Defendants will be greatly prejudiced if plaintiff is allowed to proceed with a damages theory in this case, a case totally without merit that has languished for far too long.

## MEMORANDUM IN SUPPORT OF MOTION

**Background**

By way of background, this Court should be aware that discovery has shown that plaintiff K&M knew before filing this suit, and confirmed during discovery, that:

1. Defendants never manufactured, offered for sale, or sold any of the plush animal toys in issue;
2. Plaintiff never lost a single customer or sale to defendants;
3. No accused product was ever imported into the United States;
4. The copyright asserted in this case is not owned by plaintiff, for the author of the 3-D sculptures in issue never acknowledged the same in writing as being a "work made for hire";
5. Defendants honored their non-compete agreements with plaintiff and did not take with them any trade secret or proprietary information; and
6. Defendants offered communications with plaintiff to assuage plaintiff's concerns, but that offer was summarily rejected by the filing of this suit.

In short, this case is not about any of the allegations in the counts of the Complaint, but it is an action brought out of plaintiff's fear that its best supplier (defendant Duoyi) and two of its best former employees (its toy designer Helen He and salesperson Debra Yager, both of whose one-year non-compete agreements had expired) were about to enter into lawful competition with K&M through the newly formed NDY.

Fearful of the anticipated success of NDY upon employing He and Yager and obtaining product from Duoyi, K&M's counsel fashioned a 142-page Complaint (including exhibits) with 13 counts (Doc. 1), all without factual support, to discourage defendants from their contemplated ventures. Thus far, K&M has succeeded through this protracted litigation and its repeated refusal to respect either the Federal Rules or the Local Rules of this Court. The vast majority of those failures will be left for a later time. At issue here is K&M's refusal to:

1. Satisfy the initial disclosure requirements of Rule 26(a)(1)(A)(iii);
2. Provide answers to interrogatories regarding damages;
3. Provide responsive documents regarding damages; and
4. Provide a Rule 30(b)(6) witness prepared to testify regarding damages.

Such failures are addressed directly below.

**1.  K&M Refused to Satisfy the Initial Disclosure Requirements of Rule 26(a)(1)(A)(iii)**

The orderly conduct of any litigation begins with initial disclosures. In that regard, Rule 26(a)(1)(A)(iii) provides that "a party **must**, without awaiting a discovery request, provide to the other parties…iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each

3

computation is based, including materials bearing on the nature and extent of injury suffered." (Emphasis added).

The original and Amended Initial Disclosures of K&M are attached as Exhibits A and B, respectively. No other amendment was ever offered. K&M blatantly refused to honor the requirement of the Rule. (See Section III of Exhibit A and Section C of Exhibit B.)[1] K&M refused because it had suffered no damages—this suit was nothing more than a preemptive strike against a feared competitor by a company whose president proudly boasts that it dominates the market (Chandran at 25-26, 31), and it does so by vexatious litigation against those leaving the company and a company culture of threats and intimidation. Its president proclaimed without hesitation that if an employee even speaks to a competitor, he/she must document the incident in writing (Chandran at 140), and had he known that his employee, Valerie Totire, had communicated with ex-employees He and Yager, he would have taken action against her. (Chandran at 216-217). Notably, while plaintiff unilaterally fashioned its own plan for case management, ***and while all of the documents that its expert relies upon for damages were in its possession during discovery***, none were provided until a period commencing on September 24, 2014, just five days prior to service of its expert's report on damages.

## 2. K&M Failed to Provide Answers to Interrogatories Regarding Damages

Defendants propounded interrogatories to plaintiff K&M regarding the nature and quantification of damages alleged, but without substantive response. See Answers to Interrogatories 14 and 15, attached as Exhibit D.

---

[1] Ignoring the express requirements of the Rule, K&M fashioned its own approach to case management, stating "K&M will provide details on damages during the discovery phase of the case," but it refused to do that, as well.

**3.  K&M Refused to Provide Responsive Documents Regarding Damages**

Through Document Requests, defendants sought documents pertaining to damages, but again none were provided.  See Responses to Document Requests 39 and 40, attached as Exhibit C.  Indeed, following plaintiff's submission of the expert report of Mr. Firestone, accompanied with an array of supporting documents originating from plaintiff, defendants' counsel inquired repeatedly with regard to the failure to earlier provide any such documents or information.  Those communications are attached as Exhibit E.  K&M's responses were evasive at best.

Notably, the only damages advanced by Mr. Firestone are the self-inflicted "damages" attendant to the fact that plaintiff K&M terminated its outstanding supplier, defendant Duoyi, and then found that its new suppliers could not perform nearly as well as Duoyi, resulting in the purported damages.  (Chandran at 81-82, 87-88, 100-102).


**4.  K&M Failed to Provide a Rule 30(b)(6) Witness to Testify on Damages**

In response to defendants' Notice of Deposition Under Rule 30(b)(6), plaintiff K&M produced Vishnu Chandran, President of K&M.  Mr. Chandran, however, was unable to testify with any particularity and without reference to documentation as to the nature and extent of K&M's damages, wildly estimating them at $2 million, some 2-½ times that ultimately attested by K&M's purported expert.  (Chandran at 81-82, 87-88, 100-102).  Notably, Mr. Chandran testified on August 22, 2014, just 12 business days before the close of fact discovery on September 11, 2014.  Seventeen (17) months into this case, plaintiff still refused to produce evidence on damages.

## CONCLUSION

This case has now managed to consume 19 months.  All the while, despite averring to this Court the extensive nature of the damages being suffered at the hands of defendants, K&M refused to provide any evidence with regard to those damages during fact discovery.  It ignored the express requirements for initial disclosures in Rule 26(a)(1)(A)(iii), postured when responding to interrogatories and document requests, and then produced the president of the company as a Rule 30(b)(6) witness who was totally unprepared on the subject, offered nothing but generalizations with a guesstimate that demonstrates total disregard for the preparedness requirement of a 30(b)(6) witness.    Pursuant to Rule 37(c)(1), it is altogether proper to bar plaintiff from the introduction of any evidence regarding its self-inflicted damages at the trial in this matter, for its failure to provide such evidence was neither justified nor harmless.  An order to that end is most earnestly and respectfully solicited.

>  Respectfully submitted,
>
>  s:/Ray L. Weber
>  Ray L. Weber          (0006497)
>  Laura J. Gentilcore    (0034702)
>  Mark L. Weber          (0072078)
>  RENNER, KENNER, GREIVE, BOBAK,
>     TAYLOR & WEBER
>  106 South Main Street, Suite 400
>  Akron, Ohio 44308
>  Telephone:  (330) 376-1242
>  Email: rlweber@rennerkenner.com
>  Email: ljgentilcore@rennerkenner.com
>
>  *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2014, the foregoing DEFENDANTS' MOTION UNDER RULE 37(c)(1) TO BAR PLAINTIFF'S EVIDENCE ON DAMAGES and MEMORANDUM IN SUPPORT was served electronically upon Attorneys for Plaintiff, K&M International, Inc. as follows:

sseasly@hahnlaw.com
amchenry@hahnlaw.com
jferdinand@24iplg.com
amalbin@24iplg.com

                                        s:/Ray L. Weber
                                        Ray L. Weber