**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| K&M INTERNATIONAL, INC., ) | CASE NO. 1:13CV771 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| NDY TOY, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | **REPORT & RECOMMENDATION** |
| ) | |

On December 8, 2014, this matter was referred pursuant to Local Rule 72.1 for a report and recommendation regarding Defendants NDY Toy, LLC, Debra Yager, Helen He, and Wujiang Douyi Craft Co.'s Motion under Rule 37(c)(1) to Bar Plaintiff's Evidence on Damages[1] (Doc. No. 72.)  Subsequently, Plaintiff K&M International, Inc.'s Request for Oral Argument on Defendants' Motion (Doc. No. 114) was referred for resolution.

---

[1] At that time, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 59) and Motion for Sanctions (Doc. No. 60) were also referred for a Report and Recommendation.  In addition, the following motions were referred for resolution: (1) Plaintiff's Motion to Re-Designate June 13, 2014 and October 14, 2014 Inspection Photographs as "Confidential" (Doc. No. 63); (2) Defendants' Motion to Strike Plaintiff's Memorandum in support of its Partial Motion for Summary Judgment (Doc. No. 104); and, (3) Defendants' Motion to Strike Plaintiff's Reply in support of its Motion for Sanctions (Doc. No. 108).  On February 6, 2015, the Court issued a Report & Recommendation that Plaintiff's Motion for Leave to File Second Amended Complaint be granted. (Doc. No. 131.)  On February 9, 2015, the Court granted Plaintiff's Motion to Re-Designate Inspection Photographs as "Confidential," and denied Defendants' Motion to Strike Plaintiff's Reply Brief in Support of its Motion for Sanctions (Doc. Nos. 132, 133.)  The Court reserves judgment on the remaining referred motions.

Upon review, the Court determines oral argument is not necessary to resolve Defendants' Motion. Thus, Plaintiff's Motion for Oral Argument (Doc. No. 114) is DENIED. In addition, and for the following reasons, it is recommended that Defendants' Motion to Bar Evidence on Plaintiff's Damages (Doc. No. 72) be DENIED.

**I.  Procedural Background & Factual Allegations**

On April 8, 2013, Plaintiff K&M International, Inc. ("K&M") filed a thirteen-count Complaint against Defendants NDY Toy, LLC, Debra Yager, Helen He, and Wujiang Douyi Craft Co., alleging copyright infringement; misappropriation of trade secrets; breach of contract; tortious interference with contractual/business relations; fraud; breach of covenant of good faith and fair dealing; unfair competition; and, unjust enrichment. (Doc. No. 1.) On July 22, 2014, K&M was granted leave to file a First Amended Complaint, which raised the same thirteen claims and added a claim for Cancellation of Copyright. (Doc. No. 44.)

The First Amended Complaint alleges the following. K&M designs plush, polyvinyl chloride, and other toy products depicting "a wide variety of wild animals, dinosaurs, and other fanciful creatures." *Id*. at ¶ 15. K&M is the record owner of the copyright registration related to many of its toy products. *Id*. at ¶ 16. It has a "Wild Republic Division" that distributes its products to toy stores and gift shops throughout the country and worldwide, with a particular emphasis on zoos, museums, and aquariums (the "ZMA Market"). *Id.* at ¶ 2, 15.

Defendants Debra Yager and Helen He are former employees of K&M. *Id*. at ¶ 3. K&M hired Ms. Yager as an Account Executive in February 1997. *Id.* at ¶ 18. She was responsible for generating sales for K&M in the ZMA Market, and was privy to valuable confidential information and trade secrets in the form of customer information. *Id*. at ¶ 19. K&M hired Ms.

He in July 2006. *Id.* at ¶ 20. Ms. He was most recently a Plush Toy Designer in K&M's Twinsburg office, where she managed key design projects and had access to confidential research and development information regarding K&M's plush toy products. *Id*. at ¶ 20, 21.

K&M required both Ms. Yager and Ms. He to sign various confidentiality, non-competition, and non-disclosure agreements. *Id.* at ¶ 22. Ms. Yager resigned from K&M on October 30, 2010. *Id*. at ¶ 28. Soon after, she "unreasonably argued" with K&M that she should not be subject to the agreements she had signed and demanded that she be released from them. *Id.* at ¶ 29. K&M refused to do so. Ms. He resigned from K&M on July 15, 2011. *Id.* at ¶ 32.

Duoyi has manufactured and supplied plush toys to K&M since October 2007. *Id*. at ¶ 33. In September 2011, Duoyi entered into a Business Commitment agreement with K&M in which it agreed not to (1) disclose K&M's confidential information to third parties, including ex-employees of K&M; or, (2) manufacture products or do any business with K&M's ex-employees. *Id*. at ¶¶ 34, 35.

On July 16, 2012, Ms. Yager, Ms. He and Duoyi entered into a business relationship to form the limited liability company NDY Toy, LLC for the purpose of directly competing with K&M in the plush toy industry. *Id*. at ¶ 4, 39. Ms. Yager and Ms. He are principal owners of NDY. *Id*. at ¶ 40. K&M alleges Ms. Yager, Ms. He and Duoyi have used K&M's copyrighted plush toy designs to manufacture plush toys which are "virtually identical to K&M's plush toys, and have marketed and sold them on NDY's website, located at www.ndytoy.com." *Id.* at ¶ 42. These Defendants have also allegedly used K&M's trade secrets and confidential information to solicit business from K&M's existing and potential customers in the ZMA Market. *Id.* at ¶ 44.

In January 2013, counsel for K&M sent a cease and desist letter to Ms. Yager and Ms.

He. *Id*. at ¶ 47. K&M alleges Defendants nevertheless continue to breach their contractual and common law duties by using and/or disclosing K&M's trade secrets and confidential information to compete with K&M. *Id*. at ¶ 49. K&M also alleges Defendants are willfully continuing to infringe on K&M's valuable copyrights. *Id*. at ¶ 51.

On July 12, 2013, K&M served its Initial Disclosures under Fed. R. Civ. Pr. 26(a)(1). (Doc. No. 72-1.) With regard to computation of damages, K&M stated as follows:

> K&M will provide details on damages during the discovery phase of this case, and reserves the right to provide an expert report on damages for its claims pursuant to Rule 26(a)(2) on or before the date when expert reports are due. K&M also seeks the costs, including reasonable attorney's fees, incurred in litigating this matter, interest to the maximum extent permitted by law, punitive damages, and such other relief as the Court deems just and proper.

(Doc. No. 72-1 at 4.) K&M supplemented its Initial Disclosures on October 24, 2013, at which time it provided the same response regarding computation of damages. (Doc. No. 72-2 at 5.)

On November 19, 2013, K&M served its responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 72-3.) Therein, K&M indicated as follows:

> **INTERROGATORY NO. 14**
>
> Identify with specificity the amount of damages you claim that you have incurred as result of defendants' alleged infringement of the copyrights-in-suit, including the precise dollar amount of damages you claim you sustained, the precise method you used (or intend to use) to calculate the dollar amount of the damages, the person who made (or who is intended to testify to) that calculation, and the documents, persons, events, or communications that you claim support the fact or amount of damages.
>
> **ANSWER:**
>
> K&M is still gathering documents and waiting for Defendants to produce responsive documents to assist them in accurately answering this Interrogatory. K&M estimates that its damages are not less than $1 million.

-4-

**INTERROGATORY NO. 15**

Identify with specificity the amount of damages you claim that you have incurred as result of defendants' alleged misappropriation of trade secrets and confidential business information, including the precise dollar amount of damages you claim you sustained, the precise method you used (or intend to use) to calculate the dollar amount of the damages, the person who made (or who is intended to testify to) that calculation, and the documents, persons, events, or communications that you claim support the fact or amount of damages.

**ANSWER**:

K&M is still gathering documents and waiting for Defendants to produce responsive documents to assist them in accurately answering this Interrogatory. K&M estimates that its damages are not less than $1 million.

(Doc. No. 72-4 at 10.) In addition, and in response to Defendants' document requests, K&M responded as follows:

**REQUEST FOR PRODUCTION NO. 39**: All documents relating or referring to K&M's market share in the plush toy market within the United States.

**RESPONSE**: K&M objects to this request on the ground that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40**: With respect to each 2012 Wild Republic plush toy collection, documents relating or referring to K&M's (a) standard manufacturing costs (with detail of material, labor, and overhead); (b) variance from standard costs; (c) actual manufacturing costs; (d) incremental profits derived from K&M sales; (e) gross profits derived from sales; (f) pre-tax profits derived from sales; (g) net profits derived from sales of adhesive tape; and (h) promotional, advertising, selling, other operating, general administrative and any other expenses relating to the development, manufacture, marketing, distribution and sale of your "2012 Wild Republic plush toy collection."

**RESPONSE**: K&M objects to this request on the ground that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

(Doc. No. 72-3 at 11-12.)

-5-

K&M states that on, December 23, 2013, it began producing documents in response to Defendants' First Set of Requests for Production of Documents. It claims that, by the close of fact discovery on September 11, 2014, it had produced 61,899 pages of documents. (Doc. No. 84 at 2.) It does not assert, however, that any of the documents it produced were responsive to the above document requests in particular or otherwise relevant to the issue of damages.

In August 2014, Defendants deposed the President of K&M, Vishnu Chandran.[2] In response to questions regarding K&M's alleged damages, Mr. Chandran testified generally that K&M suffered losses as a result of back orders, late shipments, air shipments, and "quality control issues."[3] (Doc. No. 84-4 at Tr. 38, 87-88, 97-98.) He estimated K&M's losses to be "about two million dollars." *Id.* at Tr. 87-88.

Meanwhile, on August 20, 2014, K&M retained an expert, Jeffrey Firestone, to offer an opinion on the issue of K&M's damages as a result of Defendants' alleged breach of contract. (Doc. No. 84-1.) K&M asserts that "[o]ver the next few weeks, K&M and K&M's counsel had several in-person meetings and telephone conferences with Mr. Firestone to determine which of K&M's business records Mr. Firestone needed to reach a reasoned conclusion as to K&M's breach of contract damages." (Doc. No. 84 at 2-3.) As a result of these consultations, K&M gathered 535 additional pages of price increase reports, freight inventory invoices, air shipment receipts and back order charts. *Id.* K&M states it produced these documents to Defendants on September 24, 26, and 29, 2014. *Id.* As the parties note, this document production occurred

---

[2] Mr. Chandran was deposed both in his personal capacity and in his capacity as K&M's Fed. R. Civ. Pr. 30(b)(6) witness.

[3] Defendants assert K&M's damages stem entirely from its decision to cease doing business with Defendant Duoyi and work with different suppliers.

-6-

approximately two weeks after the close of fact discovery on September 11, 2014; but approximately six weeks prior to the close of expert discovery on November 14, 2014.

On September 29, 2014, K&M timely provided Mr. Firestone's expert report (as well as all the exhibits upon which Mr. Firestone relied) to Defendants. (Doc. No. 54.) K&M asserts the exhibits referenced in Mr. Firestone's report were the same documents it had already produced to Defendants on September 24, 26, and 29, 2014. (Doc. No. 84 at 3.) In his report, Mr. Firestone concluded K&M had incurred $735,000 in damages as a result of Defendants' alleged breach of contract in the form of increased production costs, additional freight costs, and loss of sales from back orders that were not shipped. (Doc. No. 84 at 10-11.)

Under the Court's case management schedule, Defendants had until October 30, 2014 to produce a rebuttal expert report; and until November 14, 2014 to conclude expert discovery. *See* Non-Document Order dated July 22, 2014. Defendants chose not to produce an expert report and did not seek to depose Mr. Firestone. Nor did Defendants file any motions to compel or otherwise raise any discovery disputes with the Court with regard to K&M's alleged failure to timely provide damages discovery.

On November 5, 2014, Defendants filed the instant Motion Under Rule 37(c)(1) to Bar Plaintiff's Evidence on Damages. (Doc. No. 72.) K&M filed a Brief in Opposition on November 19, 2014 (Doc. No. 84), to which Defendants replied (Doc. No. 89.) K&M filed a Request for Oral Argument on Defendants' Motion on December 9, 2014. (Doc. No. 114.)

**II.    Analysis**

Defendants argue K&M "failed to present a scintilla of evidence quantifying its alleged damages until well past the close of fact discovery" and, therefore, should be barred from

-7-

presenting any evidence on the issue of damages.  (Doc. No. 72.)  Specifically, Defendants claim K&M failed to (1) provide a computation of its damages in either its initial disclosures or amended initial disclosures; (2) provide answers to interrogatories regarding the nature and quantifications of damages alleged; (3) provide documents pertaining to damages prior to the close of fact discovery; or, (4) produce a 30(b)(6) witness that was competent to testify "with any particularity" regarding the nature and extent of K&M's damages.  In light of these alleged failures, Defendants argue K&M should be barred from presenting its expert report regarding damages, as well as the documents relied on by K&M's expert and any other evidence pertaining to damages.

K&M notes that both its original and Supplemental Initial Disclosures stated that it would "provide details on damages during the discovery phase of this case, and reserves the right to provide an expert report on damages."  (Doc. No. 84 at 8).  K&M maintains it followed through on this promise via the testimony of Mr. Chandran and the timely submission of Mr. Firestone's expert report.  In particular, K&M emphasizes Mr. Chandran's testimony that K&M's breach of contract damages stemmed from late shipments, back orders, air shipment costs, and qualify control issues; and asserts this testimony is consistent with Mr. Firestone's report.

In addition, K&M argues Defendants' requests for production were overly broad and unduly burdensome.  K&M notes it objected to the requests at issue, but Defendants did not pursue the matter via either discovery deficiency letters or a motion to compel.  K&M maintains "Defendants cannot sit on their rights during the fact discovery process, make no effort to narrow their discovery requests or otherwise respond to K&M's proper objections, and then complain

-8-

that K&M did not produce its damage-related documents sooner." *Id.* at 7.

Finally, K&M argues Defendants were not unfairly prejudiced by the production of its damages-related documents a "mere" three weeks after the fact discovery deadline. K&M notes Defendants had ample opportunity to depose Mr. Firestone and/or produce their own expert report, but failed to do either. Thus, K&M asserts Defendants cannot show any harm from K&M's allegedly late disclosure, particularly harm sufficient to warrant the extraordinary sanction of barring K&M from presenting any evidence on damages.

In reply, Defendants emphasize K&M's failure to provide any information regarding damages in either its initial disclosures or answers to interrogatories, and argue such failure is in "total disregard" of the requirements of the Federal Rules of Civil Procedure. They note the documents relied upon by Mr. Firestone consist entirely of K&M's own documents and, thus, maintain that K&M has no excuse for failing to provide answers or documents regarding damages sooner since "K&M required no documents or information whatsoever from defendants in order for it to assess K&M's purported damages." (Doc. No. 89 at 2.) Defendants also assert that Mr. Chandran's deposition testimony was speculative and wholly insufficient to satisfy K&M's discovery obligations. They emphasize that Mr. Chandran's estimate of K&M's damages ($2 million) varied from both K&M's interrogatory answers ($1 million) and Mr. Firestone's expert report ($735,000).

Finally, Defendants insist they have been prejudiced by K&M's "concealment of its damages claim." *Id*. at 6. They assert that "[n]ot only were defendants denied the documents upon which [Mr. Firestone] relies, but defendants were also denied the damages theory, as well." *Id.* at 7. Defendants claim that K&M's damages theory came as a complete shock and "[n]o

justification whatsoever exists for K&M's failure to provide its damages theory, documentation and quantification" prior to the close of fact discovery. *Id.* Defendants assert they are prejudiced by K&M's failure to timely disclose this information because they are "left with no means to challenge" the factual basis for Mr. Firestone's expert report.[4] *Id.*

Federal Rule of Civil Procedure 26(a)(1) states that "a party must, without awaiting a discovery request, provide to the other parties: * * * (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Rule 26(e) further provides that:

**(e) Supplementing Disclosures and Responses**.

(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. Pr. 26(e). As a means of enforcing the above Rules, Rule 37(c) provides as follows:

---

[4] Defendants also complain that K&M has abused the discovery process throughout this litigation. They purport to provide two "representative abuses practiced by K&M in this matter," neither of which have anything to do with the issue of damages discovery. As the examples of K&M's alleged misconduct are simply not relevant to the issue presented in Defendants' motion, the Court will not consider them herein.

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit**.
>
> (**1) Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. Pr. 37(c).

Interpreting the above, the Sixth Circuit has established a straightforward, easily applied test to determine if sanctions are appropriate for a failure to supplement.  "[T]he test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport,* 596 F.3d 357, 370 (6th Cir. 2010).  *See also Responsive Innovations, LLC v. Hotlzbrinck Publishers, LLC*, 2014 WL 1237737 at * 2 (N.D. Ohio March 25, 2014.)

The Court finds that the extraordinary sanction of barring K&M from introducing evidence regarding damages is not warranted under the circumstances.  Given the nature of the underlying dispute in this matter, it was not unreasonable for K&M to have concluded that it required expert assistance in order to evaluate the nature and extent of its damages.  K&M timely identified its expert, Mr. Firestone, and promptly produced the documentation he relied on in offering his opinion.  In addition, K&M's 30(b)(6) witness, Mr. Chandran, did testify generally regarding the categories of alleged damages at issue; i.e., late shipments, back orders, air

-11-

shipment costs, and quality control issues. Mr. Chandran's testimony was provided prior to the close of fact discovery and, while perhaps not as specific as Defendants would have liked, did provide Defendants with notice of K&M's damages theory.

Moreover, the Court finds any error in K&M's failure to earlier produce this information to be harmless. Although some documentation regarding K&M's damages was provided to Defendants several weeks after the close of fact discovery, there is no reason Defendants could not have deposed Mr. Firestone or retained their own expert to evaluate K&M's damages theory and documentation prior to the November 14, 2014 expert discovery deadline. As Defendants made the conscious decision not to do so, they are not in a position to now complain of their alleged inability to counter K&M's damages theory or documentation.

Defendants insist, however, that K&M's failure to produce its damages documentation sooner prevented them from conducting full fact discovery regarding K&M's damages. The Court notes that, on February 6, 2015, the undersigned recommended that K&M be granted leave to amend its Complaint to supplement its copyright infringement claim. (Doc. No. 131.) If that Report & Recommendation is adopted and discovery is reopened regarding K&M's copyright infringement claim, the Court further recommends Defendants be permitted to conduct additional fact discovery regarding K&M's damages.

### III. Conclusion

Accordingly, and for all the reasons set forth above, it is recommended that Defendants' Motion to Bar Plaintiff's Evidence on Damages (Doc. No. 72) be DENIED. Plaintiff's Motion

for Oral Argument (Doc. No. 114) is DENIED.

                                              /s/ Greg White
                                              U.S. MAGISTRATE JUDGE

Date: February 11, 2015

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**