UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **K&M INTERNATIONAL, INC.,** | ) | **CASE NO. 1:13CV771** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **NDY TOY, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

This matter comes before the Court upon Defendants' Objections (ECF DKT #138) to the Report and Recommendation of the Magistrate Judge (ECF DKT #131). For the following reasons, and after *de novo* review and consideration of Defendants' Objections, the Court ACCEPTS the recommendation of the Magistrate Judge and GRANTS the Motion (ECF DKT # 59) of Plaintiff, K&M International, for Leave to File Second Amended Complaint.

<u>**I. BACKGROUND**</u>

On April 8, 2013, K&M filed its Complaint against Defendants, NDY Toy, LLC ("NDY"), WuJiang Duoyi Craft Co., Ltd. ("Duoyi"), Debra Yager and Helen He, alleging

that Defendants have engaged in a series of unfair and illegal business practices to compete with K&M in the plush toy market.  In its initial Complaint, K&M asserted thirteen causes of action against Defendants, including a copyright infringement cause of action alleging that Defendants had infringed upon plush toy designs created and owned by K&M.  K&M initially premised its copyright cause of action upon images of plush toys that had been publicly displayed on NDY's web site and upon K&M's U.S. Copyright Registration No. VA 1-849173, which covers plush toy designs alleged to be infringed upon by the toys displayed on NDY's web site.

On July 22, 2014, K&M was granted leave to file a First Amended Complaint.  Therein, K&M alleges "a conspiracy of Shakespearean proportions" in which former employees Ms. Yager and Ms. He joined forces with manufacturer Duoyi to misappropriate K&M's trade secrets and confidential business proprietary information regarding its Wild Republic collection of plush toys.

Specifically, the First Amended Complaint alleges the following:  K&M designs plush, polyvinyl chloride and other toy products depicting "a wide variety of wild animals, dinosaurs, and other fanciful creatures."  K&M is the record owner of the copyright registration related to many of its toy products.  It has a "Wild Republic Division" that distributes its products to toy stores and gift shops throughout the country and worldwide, with a particular emphasis on zoos, museums and aquariums.  Defendants Yager and He are former employees of K& M and were required to sign confidentiality, non-competition and non-disclosure agreements.  Yager resigned from K&M on October 30, 2010 and He resigned on July 15, 2011.  Duoyi has manufactured and supplied plush toys to K& M since October of

-2-

2007. In a September 2011 Business Commitment, Duoyi agreed not to (1) disclose K&M's confidential information to third parties, including ex-employees of K&M; or (2) manufacture products or do any business with K&M's ex-employees.

On July 16, 2012, Yager, He and Duoyi entered into a business relationship to form the limited liability company, NDY Toy, LLC, for the alleged purpose of directly competing with K&M in the plush toy industry. Yager and He are principal owners of NDY. K&M alleges that Yager, He and Duoyi have used K&M's copyrighted plush toy designs to manufacture plush toys which are "virtually identical to K&M's plush toys, and have marketed and sold them on NDY's website, located at www.ndytoy.com." These Defendants have also allegedly used K&M's trade secrets and confidential information to solicit business from K&M's existing and potential customers in the zoo, museum and aquarium market.

The pleading amendment deadline was set for November 12, 2013 and the non-expert discovery deadline was set for September 11, 2014.

On October 24, 2013, K&M served a request upon NDY and on June 10, 2014, a request upon all Defendants, to produce for inspection all plush toy samples that NDY designed, manufactured, advertised, offered for sale, sold and/or intends to offer for sale.

On June 13, 2014, Defendants produced approximately twenty plush toys for inspection by K&M's counsel.

During Defendant Yager's June 17, 2014 deposition, she testified that Duoyi had manufactured "about 100" toy samples for NDY, which were "unapproved" by NDY and which were now in Defendant He's possession.

On September 19, 2014, K&M filed a Motion to Compel Inspection (ECF DKT #50). K&M insisted that the "unapproved" toy samples were infringing. Defendants argued that the only plush toys "at issue" were those depicted in Exhibit B to the Amended Complaint; and therefore, the "unapproved" toy samples in He's garage were not relevant. Pursuant to Court Order, K&M appeared at the Courthouse with thirty-two plush toys from its Wild Republic collection, while Defendants' counsel brought multiple large boxes filled with stuffed animals.

On October 30, 2014, K&M filed its Motion for Leave to File Second Amended Complaint "for the limited purpose of supplementing its copyright infringement claim . . . with additional copyright registrations owned by K&M for toy designs infringed upon, and which infringement was revealed for the first time at the October 14, 2014 inspection."

Upon referral pursuant to Local Rule 72.1, and following further briefing, the Magistrate Judge recommended granting K&M's Motion for Leave to File Second Amended Complaint on February 6, 2015. On February 19, 2015, Defendants filed their Objections to the Report and Recommendations of the Magistrate Judge.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress

intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge. Parties are not permitted, at the district court stage, to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 fn1 (6th Cir.2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir.1998).

**<u>Pleading Amendments</u>**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663

(6th Cir.1994). "[T]he federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir.2011).

**Undue delay**

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). The Sixth Circuit counsels against denying an amendment "particularly where ... the newly asserted claim would be supported by facts set forth in the original claim." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir.1986). Writing in support of a proposed amendment in *Morse*, 290 F.3d at 801, the Sixth Circuit also noted that even "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend."

**Futility**

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

Defendants NDY, Yager, He and Duoyi maintain that Plaintiff unduly delayed its request for leave to file a Second Amended Complaint. Defendants dispute that, at the time of its Complaint, Plaintiff K&M was only aware of the thirty-two plush animals identified in Exhibit B. Defendants insist that the proposed amendment is not appropriate because Plaintiff knew, as early as December of 2012, of the wide array of plush toy animals displayed on NDY's website, but elected to pursue copyright infringement claims against only a few.

Defendants further argue that Yager's June 2014 deposition testimony revealed the existence of "unapproved" samples. Her testimony could not reasonably support amendment of a copyright infringement claim because NDY would not have offered for sale a sample it rejected, and thus, would not have exercised any right exclusive to the alleged copyright owner, K&M.

Moreover, K&M did not require an inspection of sample toys (which ultimately took place in the Courthouse in October 2014) to decide whether or not to ask the Court for leave to amend. On July 14, 2014, Defendants provided Plaintiff a CD in native format showing the plush toys that NDY had been developing for its product line. Three days later, K&M was provided with clarified illustrations from the CD and a zip file with exceptionally detailed photographs of the toys. K&M used these illustrations for the deposition of Defendant He in August 2014.

Defendants object to the finding that K&M was justified in waiting until October 30, 2014 to seek leave to amend.

Defendants contend that their discovery responses were necessarily limited by the scope of the copyright as alleged in K&M's Complaint. That is: "K&M has been and is still the owner and proprietor of all right title and interest in and to the works depicted in the copyright registration [Copyright Registration VA1-849-173], which is attached hereto as Exhibit B." (¶ 60 of the Complaint). NDY, therefore, identified "[s]amples of every plush toy product that NDY has designed, manufactured, advertised, offered for sale, sold, and/or intends to offer for sale" that corresponded to Exhibit B. Anything more, according to Defendants, would be irrelevant to the plush toys at issue, and would not lead to the discovery

of admissible evidence.

Defendants also take the position that Plaintiff's proposed amendment is futile.  As early as December of 2013, K&M was aware from discovery responses that NDY did not, itself, create any plush toys.  Duoyi designed and made artistic renderings of a number of wild animals in China, which were critiqued for approval by Defendant He.  NDY also purchased toys on the open market in China.  Defendants assert that under copyright law, reproduction of a copyrighted work may constitute infringement, but only if such reproduction was in the United States.  Every toy NDY *ever contemplated* offering for sale, but did not design, publicly display, import, offer for sale or sell, is not relevant to an alleged infringement of K&M's Copyright Registration VA 1-849-173.

The Court finds, in the exercise of its own independent review, that Defendants have demonstrated that K&M did have facts and evidence available to it which could have triggered the need to amend prior to the expiration of the pleading amendment and discovery deadlines.  However, even if there were delay in this case, the Court does not find that Defendants are unduly prejudiced.  The anticipated amendments will not be wholly new claims; rather, they will be more expansive copyright infringement allegations.  Additional discovery and renewed dispositive motion practice may be contemplated by both sides in this litigation.  Yet, as the Sixth Circuit has pronounced, more discovery or motion practice, though burdensome, does not warrant denial of leave to amend.

Furthermore, Defendants suggest that substantive copyright law may bar some of K&M's claims.  For instance, Defendants argue that the infringement by reproduction must occur in the United States, and that "unapproved," rejected samples cannot constitute infringing

-8-

products because they are never intended to be offered for sale.  These substantive law issues require the Court to consider matters outside the pleadings, and draw the Court beyond the bounds of inquiry necessary to rule upon a motion to amend.  The development of facts and evidence, alone, will determine whether any of K&M's claims against Defendants fail.  The Court cannot, and will not say, at this juncture, that any of the proposed claims are futile.

### III. CONCLUSION

For these reasons, and after *de novo* review and consideration of Defendants' Objections, the Court ACCEPTS the recommendation of the Magistrate Judge and GRANTS the Motion (ECF DKT # 59) of Plaintiff, K&M International, for Leave to File Second Amended Complaint.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated:  September 29, 2015**