UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| K&M INTERNATIONAL, INC., | ) | CASE NO.  1:13CV771 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| NDY TOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Objections (ECF DKT #142) to the Report and Recommendation of the Magistrate Judge (ECF DKT #134).  For the following reasons, and after *de novo* review and consideration of Defendants' Objections, the Court ACCEPTS the recommendation of the Magistrate Judge and DENIES the Motion (ECF DKT #72) of Defendants under Rule 37(c)(1) to Bar Plaintiff's Evidence on Damages.

**I. BACKGROUND**

On April 8, 2013, K&M filed its Complaint against Defendants, NDY Toy, LLC ("NDY"), WuJiang Duoyi Craft Co., Ltd. ("Duoyi"), Debra Yager and Helen He, alleging that Defendants have engaged in a series of unfair and illegal business practices to compete

with K&M in the plush toy market.  In its initial Complaint, K&M asserted thirteen causes of action against Defendants, including a copyright infringement cause of action alleging that Defendants had infringed upon plush toy designs created and owned by K&M.  K&M initially premised its copyright cause of action upon images of plush toys that had been publicly displayed on NDY's web site and upon K&M's U.S. Copyright Registration No. VA 1-849173, which covers plush toy designs alleged to be infringed upon by the toys displayed on NDY's web site.

On July 22, 2014, K&M was granted leave to file a First Amended Complaint.  Therein, K&M alleges "a conspiracy of Shakespearean proportions" in which former employees Ms. Yager and Ms. He joined forces with manufacturer Duoyi to misappropriate K&M's trade secrets and confidential business proprietary information regarding its Wild Republic collection of plush toys.

Specifically, the First Amended Complaint alleges the following:  K&M designs plush, polyvinyl chloride and other toy products depicting "a wide variety of wild animals, dinosaurs, and other fanciful creatures."  K&M is the record owner of the copyright registration related to many of its toy products.  It has a "Wild Republic Division" that distributes its products to toy stores and gift shops throughout the country and worldwide, with a particular emphasis on zoos, museums and aquariums.  Defendants Yager and He are former employees of K& M and were required to sign confidentiality, non-competition and non-disclosure agreements.  Yager resigned from K&M on October 30, 2010 and He resigned on July 15, 2011.  Duoyi has manufactured and supplied plush toys to K& M since October of 2007.  In a September 2011 Business Commitment, Duoyi agreed not to (1) disclose K& M's

confidential information to third parties, including ex-employees of K&M; or (2) manufacture products or do any business with K&M's ex-employees.

On July 16, 2012, Yager, He and Duoyi entered into a business relationship to form the limited liability company, NDY Toy, LLC, for the alleged purpose of directly competing with K&M in the plush toy industry.  Yager and He are principal owners of NDY.  K&M alleges that Yager, He and Duoyi have used K&M's copyrighted plush toy designs to manufacture plush toys which are "virtually identical to K&M's plush toys, and have marketed and sold them on NDY's website, located at www.ndytoy.com."  These Defendants have also allegedly used K&M's trade secrets and confidential information to solicit business from K&M's existing and potential customers in the zoo, museum and aquarium market.  Defendants, it is further alleged, continue to breach their contractual and common law duties by using and/or disclosing K&M's trade secrets and confidential information to compete with K&M.

On July 12, 2013, K&M served its Initial Disclosures under Fed. R. Civ. Pr. 26(a)(1). With regard to computation of damages, K&M stated as follows:

> K&M will provide details on damages during the discovery phase of this case, and reserves the right to provide an expert report on damages for its claims pursuant to Rule 26(a)(2) on or before the date when expert reports are due. K&M also seeks the costs, including reasonable attorney's fees, incurred in litigating this matter, interest to the maximum extent permitted by law, punitive damages, and such other relief as the Court deems just and proper.

K&M supplemented its Initial Disclosures on October 24, 2013, at which time it provided the same response regarding computation of damages.

On November 19, 2013, K&M served its responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.  K&M responded in pertinent part

as follows:

### INTERROGATORY NO. 14

Identify with specificity the amount of damages you claim that you have incurred as result of defendants' alleged infringement of the copyrights-in-suit, including the precise dollar amount of damages you claim you sustained, the precise method you used (or intend to use) to calculate the dollar amount of the damages, the person who made (or who is intended to testify to) that calculation, and the documents, persons, events, or communications that you claim support the fact or amount of damages.

**ANSWER:**

K&M is still gathering documents and waiting for Defendants to produce responsive documents to assist them in accurately answering this Interrogatory. K&M estimates that its damages are not less than $1 million.

### INTERROGATORY NO. 15

Identify with specificity the amount of damages you claim that you have incurred as result of defendants' alleged misappropriation of trade secrets and confidential business information, including the precise dollar amount of damages you claim you sustained, the precise method you used (or intend to use) to calculate the dollar amount of the damages, the person who made (or who is intended to testify to) that calculation, and the documents, persons, events, or communications that you claim support the fact or amount of damages.

**ANSWER**:

K&M is still gathering documents and waiting for Defendants to produce responsive documents to assist them in accurately answering this Interrogatory. K&M estimates that its damages are not less than $1 million.

Defendants served Requests for Production of Documents and K&M responded as follows:

**REQUEST FOR PRODUCTION NO. 39**: All documents relating or referring to K&M's market share in the plush toy market within the United States.

**RESPONSE**: K&M objects to this request on the ground that it is overly broad,

unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40**: With respect to each 2012 Wild Republic plush toy collection, documents relating or referring to K&M's (a) standard manufacturing costs (with detail of material, labor, and overhead); (b) variance from standard costs; (c) actual manufacturing costs; (d) incremental profits derived from K&M sales; (e) gross profits derived from sales; (f) pre-tax profits derived from sales; (g) net profits derived from sales of adhesive tape; and (h) promotional, advertising, selling, other operating, general administrative and any other expenses relating to the development, manufacture, marketing, distribution and sale of your "2012 Wild Republic plush toy collection."

**RESPONSE**: K&M objects to this request on the ground that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

K&M claims that, by the close of fact discovery on September 11, 2014, it had produced 61,899 pages of documents; although K&M does not assert that any of the documents produced were responsive to the discovery requests or relevant to the issue of damages.

In August of 2014, Defendants deposed the President of K&M, Vishnu Chandran, in his personal capacity and as K&M's 30(b)(6) witness. Chandran testified generally that K&M suffered losses as a result of back orders, late shipments, air shipments and quality control issues. He estimated K&M's losses to be "about two million dollars."

Meanwhile, on August 20, 2014, K&M retained an expert, Jeffrey Firestone, to offer an opinion on the damages resulting from Defendants' alleged breach of contract. K&M gathered price increase reports, freight inventory invoices, air shipment receipts and back order charts for Firestone's review and also produced these documents to Defendants. It is undisputed that this production took place approximately two weeks after the close of fact discovery, but six weeks prior to the close of expert discovery.

On September 29, 2014, K&M provided Defendants with Firestone's report as well as the documents upon which he relied. In his report, he concluded that K&M incurred $735,000 in damages in the form of increased production costs, additional freight costs and loss of sales from back orders that were not shipped.

Pursuant to the Court's case management schedule, Defendants had until October 30, 2014 to produce a rebuttal expert report and until November 14, 2014 to conclude expert discovery. Defendants chose not to produce an expert report and did not seek to depose Firestone.

Plaintiff never complained to the Court that Defendants' discovery requests were overly broad or burdensome. Similarly, Defendants never raised a discovery dispute, under Local Rule 37.1, with regard to K&M's alleged failure to timely provide damages documentation.

On November 5, 2014, Defendants filed their Motion under Rule 37(c)(1) to Bar Plaintiff's Evidence on Damages. Defendants argue K&M "failed to present a scintilla of evidence quantifying its alleged damages until well past the close of fact discovery" and, therefore, should be barred from presenting any evidence on the issue of damages. Specifically, Defendants claim K&M failed to (1) provide a computation of its damages in either its initial disclosures or amended initial disclosures; (2) provide answers to interrogatories regarding the nature and quantifications of damages alleged; (3) provide documents pertaining to damages prior to the close of fact discovery; or, (4) produce a 30(b)(6) witness that was competent to testify "with any particularity" regarding the nature and extent of K&M's damages. In light of these alleged failures, Defendants argue K&M

should be barred from presenting its expert report regarding damages, as well as the documents relied on by K&M's expert and any other evidence pertaining to damages.

In his Report and Recommendation, the Magistrate Judge found that the "extraordinary" sanction of barring K&M from introducing evidence regarding damages was not warranted under the circumstances.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge. Parties are not permitted, at the district court stage, to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200

F.3d 895, 902 fn1 (6th Cir.2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir.1998).

**Rule 37 Sanctions**

Fed.R.Civ.P. 37 recites in pertinent part:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit**.

(**1) Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

It is undisputed that Fed.R.Civ.P. 37(c)(1) mandates that the trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. *See Bessemer & Lake Erie R.R.Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010); *Salgado v. General Motors Corporation*, 150 F.3d 735, 742 n.6 (7th Cir. 1998). It is equally well-established that the trial court possesses wide discretion in imposing Rule 37 sanctions. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003).

Therefore, after *de novo* review, the Court finds that barring evidence of damages is an extremely harsh sanction which should be imposed cautiously. Moreover, the Court finds that because Defendants are dissatisfied with the Magistrate Judge's ruling does not render the Report and Recommendation clearly erroneous or contrary to law.

This Court faults both sides in this matter. Neither Plaintiff nor Defendants exhibited

the spirit of candor and cooperation contemplated by the Federal Civil Rules. Neither side demonstrated nor certified any good faith efforts to resolve the damages discovery dispute before they reached this critical impasse.

Furthermore, even assuming that Plaintiff's discovery failures were not justified or harmless, the Court believes that the harm or prejudice suffered by Defendants can be cured short of excluding damages evidence.

In view of the fact that the Court recently granted K&M leave to file a Second Amended Complaint, new claims will be introduced and discovery will necessarily be re-opened. The Court orders K&M to file its Second Amended Complaint within one week and Defendants will file their Answers and Counterclaims within twenty-one days thereafter. On or before October 30, 2015, the parties shall file a joint proposed schedule, complying with the Court's parameters as follows:

- a time frame for fact discovery regarding the newly-asserted claims, but with fact discovery concluding no later than January 31, 2016
- whether expert discovery needs to be re-opened; but if so, expert discovery (including supplemental reports) shall coincide with the non-expert deadline

Based upon the Court's consideration of the parties' joint proposal, the Court will set a settlement conference. If no resolution is reached at that conference, the Court will entertain dispositive motions.

### III. CONCLUSION

For these reasons, and after *de novo* review and consideration of Defendants' Objections, the Court ACCEPTS the recommendation of the Magistrate Judge, DENIES the

Motion (ECF DKT #72) of Defendants under Rule 37(c)(1) to Bar Plaintiff's Evidence on Damages and ORDERS the parties to submit the agreed schedule as set forth above.

**IT IS SO ORDERED.**

<u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 30, 2015**