UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **K&M INTERNATIONAL, INC.,** | ) | **CASE NO. 1:13CV771** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **NDY TOY, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Defendants' Objections (ECF DKT #140) to the Memorandum Opinion and Order (ECF DKT #132) of the Magistrate Judge. For the following reasons, the Court upholds the decision of the Magistrate Judge to grant the Motion (ECF DKT #63) of Plaintiff, K&M International, Inc. to Re-Designate Inspection Photographs as "Confidential," as the ruling is not clearly erroneous nor contrary to law.

**I. BACKGROUND**

On April 8, 2013, K&M filed its Complaint against Defendants, NDY Toy, LLC ("NDY"), WuJiang Duoyi Craft Co., Ltd. ("Duoyi"), Debra Yager and Helen He, alleging that Defendants have engaged in a series of unfair and illegal business practices to compete

with K&M in the plush toy market.  In its initial Complaint, K&M asserted thirteen causes of action against Defendants, including a copyright infringement cause of action alleging that Defendants had infringed upon plush toy designs created and owned by K&M.  K&M initially premised its copyright cause of action upon images of plush toys that had been publicly displayed on NDY's web site and upon K&M's U.S. Copyright Registration No. VA 1-849173, which covers plush toy designs alleged to be infringed upon by the toys displayed on NDY's web site.

On July 22, 2014, K&M was granted leave to file a First Amended Complaint. Therein, K&M alleges "a conspiracy of Shakespearean proportions" in which former employees Ms. Yager and Ms. He joined forces with manufacturer Duoyi to misappropriate K&M's trade secrets and confidential business proprietary information regarding its Wild Republic collection of plush toys.

Specifically, the First Amended Complaint alleges the following:  K&M designs plush, polyvinyl chloride and other toy products depicting "a wide variety of wild animals, dinosaurs, and other fanciful creatures."  K&M is the record owner of the copyright registration related to many of its toy products.  It has a "Wild Republic Division" that distributes its products to toy stores and gift shops throughout the country and worldwide, with a particular emphasis on zoos, museums and aquariums.  Defendants Yager and He are former employees of K& M and were required to sign confidentiality, non-competition and non-disclosure agreements.  Yager resigned from K&M on October 30, 2010 and He resigned on July 15, 2011.  Duoyi has manufactured and supplied plush toys to K& M since October of 2007.  In a September 2011 Business Commitment, Duoyi agreed not to (1) disclose K& M's

confidential information to third parties, including ex-employees of K&M; or (2) manufacture products or do any business with K&M's ex-employees.

On July 16, 2012, Yager, He and Duoyi entered into a business relationship to form the limited liability company, NDY Toy, LLC, for the alleged purpose of directly competing with K&M in the plush toy industry.  Yager and He are principal owners of NDY.  K&M alleges that Yager, He and Duoyi have used K&M's copyrighted plush toy designs to manufacture plush toys which are "virtually identical to K&M's plush toys, and have marketed and sold them on NDY's website, located at www.ndytoy.com."  These Defendants have also allegedly used K&M's trade secrets and confidential information to solicit business from K&M's existing and potential customers in the zoo, museum and aquarium market.

The pleading amendment deadline was set for November12, 2013 and the non-expert discovery deadline was set for September 11, 2014.

On October 24, 2013, K& M served a request upon NDY and on June 10, 2014, a request upon all Defendants, to produce for inspection all plush toy samples that NDY designed, manufactured, advertised, offered for sale, sold and/or intends to offer for sale.

On June 13, 2014, Defendants produced approximately twenty plush toys for inspection by K&M's counsel.  During the inspection, photographs were taken of each toy.  Counsel for Defendants requested that all of the photographs taken by counsel for
K&M be designated as "Attorneys' Eyes Only" under the parties' Joint Stipulated Protective Order.  (ECF DKT #26).  Counsel for K&M objected, arguing that such a designation

precluded them from discussing the allegedly infringing toys with their client.

On October 14, 2014, counsel appeared at the federal courthouse for a second, court-ordered inspection of their respective plush toys.  K&M appeared with thirty-two plush toys from its Wild Republic collection, while Defendants' counsel brought multiple large boxes filled with stuffed animals.  Defense counsel requested that the inspection photographs be designated as "Attorneys' Eyes Only" under the Joint Stipulated Protective Order because the toy samples were "one of a kind" and Defendants might want to compete with K&M in the future.  The Court agreed to the "Attorneys' Eyes Only"designation, but acknowledged that K&M reserved the right to object to the designation at a later date.

On October 30, 2014, K&M filed its Motion to Re-Designate the June 13, 2014 and October 14, 2014 Inspection Photographs as "Confidential."  Defendants filed their Opposition on November 17, 2014.  Pursuant to Local Rule 72.1, the matter was referred to the Magistrate Judge for resolution.

K&M argues that the "Attorneys' Eyes Only" designation makes it impossible to assess and prepare a case against Defendants.  However, assessment and preparation could be accomplished under the "Confidential" designation, while still preventing disclosure of Defendants' proprietary commercial information to the public.

For their part, Defendants assert that the nearly four hundred plush toy samples presented for inspection under the designation "Attorneys' Eyes Only" included not only the toy samples that were under development at the time this lawsuit was filed, but also samples purchased on the open market in Hong Kong, i.e., everything that NDY had on the shelves. Defendants maintain that development activities relating to these toy samples "is

-4-

unquestionably commercially sensitive information that must not be made available to a competitor, particularly a competitor such as K&M." (ECF DKT #76 at 2). In addition, Defendants emphasize that the four hundred toy samples at issue are "works in progress" that have never been shown to anyone; and to allow K&M to view pictures of them "would eviscerate the protection offered by the 'Attorneys' Eyes Only' designation specifically afforded by the protective order." *Id* at 3.

The Magistrate Judge noted that "Attorneys' Eyes Only" is the most restrictive type of protective order because it permits disclosure only to the opposing party's attorneys and specified consultants/experts. Since the designation is upheld in narrow circumstances and when especially sensitive information is at issue, courts require the proponent to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples." *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11cv0851, 2012 WL 3600106 at *5 (S.D.Ohio Aug.21, 2012).

In this particular instance, the Magistrate Judge found that the plush toy inspection photographs go to the "very heart" of K&M's copyright infringement claims. "Preventing counsel for K&M from sharing and discussing these photographs with their client creates a substantial impediment to K&M's ability to prepare and litigate this claim." (ECF DKT #132 at 8). The Magistrate Judge also found that Defendants bear the burden of showing that disclosure would work a clearly defined, serious injury by coming forward with specific examples of competitive harm. Defendants failed to do so.

Defendants object and contend that the Magistrate Judge's Order is clearly erroneous and contrary to law:

- The Order did not consider that the parties stipulated in an agreed protective order to the "Attorneys' Eyes Only" designation for commercially sensitive, strategic planning, research development and other commercial information.

- The Order did not consider that the re-designated information includes NDY's entire toy product line which will now be disclosed to a direct competitor.

- The Order did not consider that K&M admits that it dominates the zoo, museum and aquarium market; and that K&M's business strategy includes examining competitors' successful products to help develop plush toys that will be popular with consumers.

- The Order does not consider that the re-designated information encompasses products that Defendants contend cannot be subject to a claim for copyright infringement as a matter of law.

- The Order accepts K&M's position that re-designation is necessary to assess and prepare the case against Defendants; while at the same time, K&M moved for partial summary judgment and to amend the Complaint, without the benefit of the "Attorneys' Eyes Only" information.

## II. LAW AND ANALYSIS

Pursuant to Local Rule 72.3(a), a party may appeal from a Magistrate Judge's Order on a non-dispositive matter.  The District Court shall consider the appeal, and may set aside any part of the Magistrate Judge's Order that is clearly erroneous or contrary to law.

Upon consideration of the Memorandum Opinion and Order and the Defendants' objections and arguments, the Court finds that the Magistrate Judge's determination is not clearly erroneous nor contrary to law.

The Magistrate Judge did address the terms of the parties' Stipulated Protective Order. Although the parties agreed to designate certain commercially sensitive or strategic information as "Attorneys' Eyes Only," the scope of protective orders is always subject to the overriding right to public access. Moreover, the Court retains the power to modify or terminate a protective order despite the parties' agreement. *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir. 1981). Additionally, K&M raised and preserved its opposition to the "Attorneys' Eyes Only" designation at the time of both inspections.

The Magistrate Judge noted the parties' competitive positions in the plush animal toy market; but found that K&M's strategy of examining competitors' products was not unusual nor improper in itself, and that keeping K&M's client "in the dark" about the inspection photographs severely impeded its ability to prepare and litigate.

The Magistrate Judge acknowledged that especially sensitive commercial information may merit protection from competitors' eyes. However, the party seeking the most restrictive protection must describe the harm it allegedly faces with particularity and with "specific demonstrations of fact, supported where possible by affidavits and concrete examples." *Waite*, No. 1:11cv0851, 2012 WL 3600106 at *5. The Magistrate Judge found that Defendants did not satisfy their burden.

The Court holds that the Magistrate Judge properly balanced the policy of free exchange of discovery, the public right of access and the commercial harm possible from disclosure of sensitive information. The Court determines that the Magistrate Judge correctly applied the prevailing law in the Sixth Circuit; and points out that, with a Second Amended

Complaint yet to be filed, a legal ruling (which Defendants seek) of what is or is not copyright infringement is premature. The Court agrees with the Magistrate Judge that Defendants did not meet the burden of demonstrating the requisite degree of commercial harm for imposing the "Attorneys' Eyes Only" designation.

### III. CONCLUSION

For these reasons, the Court upholds the decision of the Magistrate Judge to grant the Motion (ECF DKT #63) of Plaintiff, K&M International, Inc. to Re-Designate Inspection Photographs as "Confidential," as the ruling is not clearly erroneous nor contrary to law.

**IT IS SO ORDERED.**

                                                  **s/ Christopher A. Boyko**
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated: October 5, 2015**